IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ASHJAAR FOR EXPORT & IMPORT
OF PLANTS COMPANY,

                Plaintiff,

v.

                                  Case No. 1:14-cv-01351-JDB-egb

GREGORY L WRIGHT, *et al.*,

                Defendants.

## REPORT AND RECOMMENDATION

On referral for report and recommendation [D.E. 15] is the motion of Plaintiff for a default judgment against Defendants, Gregory L. Wright, Individually and d/b/a/ "Wright Farms Haymakers," and Wright Farms Haymakers 1, Inc. The Clerk's Entry of Default as to the Defendants was made on March 13, 2015 [D.E. 13].

The Plaintiff filed a motion for entry of default judgment arising from Defendant's failure to provide hay contracted to Plaintiff. In March of 2014, Plaintiff entered into an agreement with Defendants to provide Plaintiff – as a reseller - Alfalfa hay ultimately bound for Middle Eastern Countries. The Defendants did not fulfill the contract and Plaintiff brings this suit for monetary damages for losses caused by the Defendants' breach of this contract. The Plaintiff filed its Complaint in this case on December 30, 2015. The Summons and Complaint were duly served upon the Defendants on January 1, 2015. The Defendants failed to file an answer or otherwise respond to the Complaint as required by the Federal Rules of Civil Procedure.

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a

responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.) Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b). *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (citing *Meehan v. Snow*, 652 F.2d 274 (2nd Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, plaintiff must still establish the extent of damages to which he is entitled. Kelley v. Carr, 567 F. Supp. 831, 841 (W.D. Mich.1983). However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

Here, the Magistrate Judge recommends that the Plaintiff's Motion for Default Judgment be GRANTED, as Defendants failed to file an answer or otherwise respond to the Complaint. As to the issue of damages, Plaintiff seeks damages in the amount of $1,211,932.42 from Defendants.

On July 28, 2015, this Magistrate Judge conducted a hearing and present was Attorney Sara Barnett for the Plaintiff. The Defendants were not present, nor was any attorney representing the Defendants.[1] Ms. Barnett informed the Court that she had conversations with

---

[1] At an earlier occasion and without filing a notice of appearance, Attorney Thomas Strawn filed a motion on behalf of Defendants for an extension of time to respond [D.E.9]. Additionally, as to the mandated consultation regarding the filing of this Motion for entry of Default [D.E.11-3], Mr. Strawn also was consulted by opposing counsel and could not agree. Nevertheless, he has not filed a notice of appearance in this matter.

Attorney Thomas Strawn and was to inform him of the outcome of this hearing, which she agreed to do, although he continues to have made no formal appearance.

As Plaintiff is located in the country of Jordan, Plaintiff relies upon the sworn Affidavit of Muez El-Khatib, Executive Manager for Export and Import of Plants Company, in establishing damages. This nineteen page Affidavit details the parties' agreement, the breaches, and the damages resulting therefrom. El-Khatib swears that as a direct and proximate result of Defendants' conduct, Plaintiff incurred the following damages: a total price paid of $236,292.42; lost profit on its resale of the hay of $463,140; damages from inability to supply its own customers with hay in the amount of $150,000; damages to its business reputation of $350,000; and travel expenses relating to Plaintiff's efforts to assist Defendant in complying with the terms of the contract in the amount of $12,500. These amounts total $1,211,932.42. (See Affidavit at 18-19, D.E. 14-2).

**Report and Recommendation**

It is the Report and Recommendation that Plaintiff is entitled to and should be awarded a default judgment in the amount of $1,211,932.42 against the Defendants.

Respectfully Submitted this 16th day of September, 2015.

s/Edward G. Bryant
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**