IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


ASHJAAR FOR EXPORT & IMPORT
OF PLANTS COMPANY,

                Plaintiff,

v.

                               Case No. 1:14-cv-01351-JDB-egb

GREGORY L WRIGHT, *et al.,*

                Defendants.

## REPORT AND RECOMMENDATION

Before the Magistrate Judge on reference for report and recommendation/and or

determination is the September 21, 2015 letter filed by Defendant Gregory Wright, which the

U.S. District Court has construed as a motion to set aside the default and/or default judgment

[D.E. 21].

### Relevant History

On December 30, 2014 the Plaintiff filed this lawsuit against Gregory L. Wright,

Individually and d/b/a Wright Farms Haymakers, and Wright Farms Haymakers 1, Inc.

("Defendants"), claiming Defendants breached a contract to provide hay to Plaintiff. As a result

of this breach, Plaintiff sought compensatory damages in the amount of Two Million Dollars,

punitive damages in the amount of Two Million Dollars, prejudgment and post-judgment

interest, attorneys' fees and costs. On January 30, 2015, Defendants, through attorney Thomas

Strawn[1], filed a motion for extension of time to file a response to this complaint. [D.E. 9].The motion was granted, allowing an additional 30 days for Defendants to respond [D.E. 10].

Having received no response, on March 13, 2015, the Plaintiff filed a motion for entry of default and the Clerk's entry of default also was entered that day. In compliance with the Local Rule 7.2(a)(1)(B), the Plaintiff's Attorney Ms. Barnett first had consulted with Attorney Strawn and certified that Mr. Strawn was consulted regarding the Plaintiff's Motion for Entry of Default. Mr. Strawn could not agree to this Motion and stated he had not been hired to represent the Defendants at that time. [D.E.11-3]. The Certificate of Service accompanying this consultation indicated that Ms. Barnett had mailed a true copy of the Certificate of Consultation, which specifically stated her intent to seek default of the Defendants. This notice of her intention to seek default was mailed to both Mr. Strawn and Defendants at 4601 Palmersville Hwy 89, Dresden, TN 38225 on the 13th day of March, 2015 - the same address as the mail address appearing on the Defendants' letter now at issue before this Court. As such, it is clear to this Court that Mr. Strawn and Defendants each received this notice of the default from Attorney Barnett. While neither appeared at the default hearing on July 28, 2015, according to the Plaintiff's Attorney, Mr. Strawn requested that she advise him of the outcome.

After this Court's Report and Recommendation which, recommended a default judgment and damages, was rescinded [D.E. 19], the Magistrate Judge made a second Report and Recommendation on September 16, 2015 [D.E. 20]. That Report and Recommendation reached the same conclusion as to the default judgment and damages.

---

[1] The Court notes that Attorney Strawn previously represented Defendants in another contractual dispute over hay. *See Bayader Fooder Trading, LLC v. Wright et al.* [Case 1:13-cv-2856-JDB-egb].

On September 21, 2015 Mr. Wright filed a letter with this District Court, which has been construed as his request to set aside this recommendation for default or default judgment. The Plaintiff has responded in opposition.

## Report and Recommendation

It is the report and recommendation that the letter of Defendant Wright construed as a motion to set aside the default judgment be DENIED. Federal Rule of Civil Procedure 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Mr. Wright's arguments are two-fold. That he did not have notice and that he needs two weeks to find an attorney. Neither argument is persuasive.

Regarding the attorney, as Plaintiff points out in the Response, Mr. Wright and his companies have had ten months to get an attorney, and have had access to legal representation by Attorney Strawn for a time and/or in some limited capacity prior to the default. While the Court does not delve into this attorney-client relationship, it seems clear Defendants have had access or knew how to obtain access to some level of legal representation throughout these proceedings.

Second, Defendants had clear notice of the default proceedings. Plaintiff's Attorney Barnett consulted with Mr. Strawn specifically about default, and she also mailed directly to the Defendants and Mr. Strawn a copy of her intent to seek this default judgment against the Defendants. Clearly, this placed the Defendants on notice such that this letter submitted is indeed "too little too late."

Defendants have not shown excusable neglect, nor any other reason pursuant to Federal Rule of Civil Procedure 60(b) to set aside the default judgment. Accordingly, the Magistrate Judge recommends that the motion be denied.

Respectfully Submitted this 25th day of November, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.